JOHN KINSEY AND MARGARET HIS WIFE, WILLIAM E. BAILEY AND SARAH HIS WIFE, RICHARD B. SMEDLEY AND SUSANNA HIS WIFE AND THOMAS C. CHANDLER AND RACHEL HIS WIFE; AND DAVID WILSON AND ALEXANDER DIXON, EXECUTORS OF SAMUEL WOODWARD, DECEASED.

*vs.*

MARY WOODWARD.

*New Castle, March T.* 1842.

A bequest of personal property to the wife, with a devise that the real estate shall be sold and a fee simple title or titles conveyed being of equal "tenor" with those by which the testator held the same, is not such a devise as will defeat the widow's claim of dower, or put her to an election.

This was a case stated in equity, setting forth the following facts:—

Samuel Woodward died, seized in fee simple of a house and lot; also of a farm containing one hundred and twenty acres, with a stone house, barn, &c., erected thereon, having made his last will and testament, by which (after directing the payment of his debts and giving to his wife, the defendant, certain articles of furniture,) he devised as follows:—" and further my will is that my executors set apart the sum of three thousand dollars out of my estate, the interest of which they, or either of them, are to receive and pay over to my said wife, annually and every year, during the period of time that she remains my widow. *Item*, I give and bequeath to my two half-sisters, Lydia and Esther Woodward (children of my step-mother Hannah Woodward), to be equally divided between them, my undivided one equal fifth part of one thousand dollars, being the sum allotted by agreement to my said step-mother out of my father's estate, to create her annuity. *Item*, I give and bequeath to Eliza Toner (who has been living in my family some time past) the sum of one hundred dollars. *Item*, and I do hereby direct that as soon as practicable after my decease, the remainder of my household goods, of every description, stock and farming utensils, &c., together with all my real estate, be sold by my executors for the highest and best price that can be obtained; and I do authorize and empower them to convey to the purchaser or purchasers of said real estate a good and sufficient fee simple title or titles, being of equal tenor with those by which I now hold the same; and all the proceeds arising from said sale, both personal and real, with other moneys remaining either on hand or owing me at the time of my decease, to be equally divided amongst my four daughters, namely, Margaret Kinsey, Sarah Bailey, Susanna Smedley and Rachel Chandler; and in case either of my said daughters depart this life prior to my decease, then and in such case, the share of them so dying shall descend to their children in equal portions."

The testator left a personal estate exceeding $3,000, after the payment of all debts and legacies, except the bequest to his wife of the interest of $3,000, during widowhood.

The complainants were the residuary legatees and the executor of S. Woodward, deceased. The defendant claimed both the legacies bequeathed to her by the will and also her dower in the testator's real estate.

The question submitted to the Chancellor was, whether these bequests were in equity a bar to the dower, so as to put the widow to her election. The case was heard before the Chancellor, at the March T. 1842.

*J. A. Bayard,* for the complainants.

*J. Wales,* for the defendant.

JOHNS, JR., CHANCELLOR.—The question is, whether there is such a conflict between the will of S. Woodward and the claim of his widow to dower as shall put her to an election, to take the bequest to her in the will or the dower. In my view, the bequest of a personal legacy to the wife and a direction to executors to sell the real estate would not put the widow to her election, any more than a direct devise of such land to a third person after a pecuniary legacy to the wife. The question, then, is, whether the direction to convey a good and sufficient fee simple title to the purchaser can vary the case, so as to put the widow to her election. To say so would be to give to the directions about conveyance a greater effect than the direction to sell; but the executors could convey no greater title than that which they were authorized by the will to sell. It seems to come back to the same question, whether the land is devised to be sold free of dower. On examining the cases I think that this does not come within any of those where the widow was put to her election. Those cases are such where the assertion of the claim to dower

would come into conflict with the possession of the land devised, and thus defeat the will. There is no such difficulty here. The testator directed a sale only of his real estate—a sale of his title. This can be carried out by a sale subject to dower; and the conveyance of a fee simple title may be made, so far as the testator has ordered a sale to be made. It does not appear that the testator meant that his children should have the proceeds of sale of their mother's share in the real estate. And if the land shall be sold clear of dower, it is obviously the sale of a greater estate than the testator held at the date of the will, which it cannot be denied was subject to the wife's claim of dower. If on this will the widow can be put to her election, it will be difficult to find any case of a devise of land, after a legacy to the wife, that would not fall within the same principle.

Decree affirmed by the Court of Errors and Appeals, at the June Term 1842. 3. *Harring R.* 459.